UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLENN MAYBIN,

    Plaintiff,

v.

Case No. 2:23-cv-12575
Hon. Susan K. DeClercq

INSPECTOR FULLER, ET AL,

    Defendants.

_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

This is a *pro se* prisoner civil rights case filed under 42 U.S.C. § 1983. Glenn Maybin is incarcerated at the Thumb Correctional Facility in Lapeer, Michigan. Maybin sues four individually named MDOC employees stationed at the Thumb facility. Maybin asserts that he was sexually assaulted by another inmate. He claims that Defendants refuse to provide him with records related to the assault, and he seeks monetary relief for psychological harm. The Court will summarily dismiss the complaint for Maybin's failure to state a claim.

**I**

Maybin was allowed to proceed with his complaint without prepayment of fees. *See* 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth*, 114 F. 3d 601, 604 (6th Cir. 1997). 28 U.S.C. § 1915(e)(2)(B) directs the Court to screen and summarily dismiss such a complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

1

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Sua sponte dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore*, 114 F. 3d at 612.

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556).

To prove a prima facie case under 42 U.S.C. § 1983, a plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F. 3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir. 2001).

## II

The complaint is terse and fragmented. Maybin states in full:

2

> Obstruction of justice, withholding documents, and perjury …. [The events arose] inside the chow hall while working on the food line, on this date 4/4/21 …. Sexual harassment proven on the a.m. detail …. Inmate Maurice Nicholson #138818, while working on the food line, he physically touched my buttock. Sgt. Fuller questioned inspector Hohn about this incident. The sexual harassment was known by administration …. I sustained mental issues, and I am still in mental progress with psychologists …. Basis for my claims are the following: needed original statements and findings of my case, the defendants have withheld all documents needed to pursue my civil actions, and appeal process. $10,000,000 in actual mental health damages, and also punitive damages.

(Complaint, ECF No. 1, PageID.4-8) (cleaned up.)

Documents attached to the complaint indicate that Maybin filed a grievance against MDOC Inspectors Fuller and Hohn in August of 2023. He alleged that they knew the PREA hotline was not working, that they lied about a FOIA request related to the assault submitted by his sister, and that they would not provide him with a record of the misconduct issued against Nicolson. The grievance was denied after an investigation showed that the inspectors had taken steps to ensure the PREA hotline was functioning and had contacted Maybin's sister and provided her with information on how to make a proper FOIA request. (*Id.* PageID.16, 19-20.)

Maybin also attaches a PREA investigative report showing that he made a complaint on August 4, 2021, about the April incident. The investigation was completed on August 9, 2021, with a finding of sufficient evidence that inmate Nicholson engaged in sexual abuse or harassment. (*Id.* PageID.17.) Maybin also attaches a document indicating that he has received mental health counseling as a result of the incident. (*Id.* PageID.18.)

3

### III

The complaint fails to state a claim. To the extent Maybin asserts he is entitled to relief as a result of the assault itself, prisoners have a constitutional right under the Eighth Amendment to be free from violence at the hands of other inmates. *Farmer v. Brennan*, 511 U.S. 825 (1994). As a result, prison officials may not remain deliberately indifferent to the risk of harm a prisoner may face at the hands of another prisoner, and they have a duty to protect prisoners from such violence. *Id.*, 511 U.S. at 833.

To sustain a claim for deliberate indifference to a substantial risk of serious harm, a plaintiff must satisfy an objective and subjective component. The objective component requires a showing "that absent reasonable precautions, an inmate is exposed to a substantial risk of serious harm." *Amick v. Ohio Dep't of Rehab. & Correction*, 521 F. App'x 354, 361 (6th Cir. 2013). The subjective component requires a showing that (1) the official being sued subjectively perceived facts from which to infer a substantial risk to the prisoner, (2) the official did in fact draw the inference, and (3) the official then disregarded that risk. *Lawler as Next Friend of Lawler v. Hardeman County, Tennessee*, 93 F.4th 919, 926-27 (6th Cir. 2024).

Although he asserts Defendants knew the PREA hotline was not working after the assault, Maybin's complaint makes no factual allegations against Defendants that Maybin was exposed to a substantial risk or that Defendants disregarded the risk. The complaint does not state a failure-to-protect claim.

Next, to the extent Maybin is attempting to state a claim involving a failure of Defendants to enforce the Prison Rape Elimination Act (PREA), the complaint similarly fails to state claim. PREA does not provide a private right of action. Where neither the text nor the structure of a statute indicate that Congress intended to create new individual rights, "there is no basis for a private suit, whether under § 1983 or under an implied right of action." *Gonzaga Univ. v. Doe*, 536 U.S. 273, 286 (2002); *see e.g., Peterson v. Burris*, No. 14-cv-13000, 2016 U.S. Dist. LEXIS 853 (E.D. Mich. Jan. 6, 2016) (collecting cases holding that PREA creates no private right of action).

Finally, to the extent Maybin asserts that Defendants refuse to give him access to additional documents related to Nicholson's misconduct so he can pursue legal remedies against him, he likewise fails to state a claim. Maybin has no protected interest in such prison records. *See, e.g., Yeoman v. Thompson*, 1994 WL 683956, 1994 U.S. App. LEXIS 34451, *3 (6th Cir. Dec. 6, 1994) (holding that prisoner "cannot pursue his claim regarding his request for information pursuant to Michigan's Freedom of Information Act under § 1983 as he has not alleged a deprivation of the rights secured by the Constitution or laws of the United States); *Blanton v. Blue*, No. 4:16CV-P10, 2016 U.S. Dist. LEXIS 63893, 2016 WL 2858922, at *3 (W.D. Ky. May 16, 2016) (collecting cases holding prisoner has no constitutional right to review or obtain copies of prison medical records).

And while the First Amendment entitles prison inmates to a right of access to the courts to pursue certain civil claims, *Rodgers v. Hawley*, 14 F. App'x 403, 408-09

5

(6th Cir. 2001) (citing *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999)), a plaintiff must allege that Defendant's conduct "hindered his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Here, Plaintiff fails to assert facts showing that he requires the additional PREA records to pursue an action related to his sexual harassment by Nicholson. He knows the identity of the prisoner who assaulted him. He knows the date and location of the incident. And he has the final PREA investigative determination.

## IV

Accordingly, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c), the case is summarily dismissed for Maybin's failure to state a claim.

**SO ORDERED**.

s/ Susan K. DeClercq
Susan K. DeClercq
United States District Judge

Dated: June 25, 2024